|  | CASE TYPE: PERSONAL INJURY |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF ANOKA | TENTH JUDICIAL DISTRICT |

| | |
|---|---|
| Nicolas Bell, ) | Court File Number: _____ |
| ) | The Honorable: _____ |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | |
| ) | |
| Union Pacific Railroad Company, ) | |
| ) | |
| Defendant. ) | |

Plaintiff complains of Defendant, and for cause thereof alleges:

1.  That on or about June 12, 2014, Main Street Northeast was a public road located within Anoka County, Fridley, Minnesota.

2.  That on or about June 12, 2014, Plaintiff was a minor.

3.  That Defendant Union Pacific Railroad Company is and at all times mentioned in this Complaint, was a company registered to do business under the laws of Minnesota, with its registered office located at 1010 Dale Street North, St. Paul, MN 55117 at all times mentioned in this Complaint.

4.  That on or about June 12, 2014, Plaintiff was a pedestrian that was injured by a Union Pacific Railroad Company train that was traveling on or near the 6500th block of Main Street Northeast.

EXHIBIT 1

5. That on or about June 12, 2014, there was no fencing to prevent pedestrians from entering the train tracks or the area surrounding the train tracks located on or near the 6500th block of Main Street Northeast.

6. That on or about June 12, 2014, there were no signs warning of the danger the unguarded train tracks located on or near the 6500th block of Main Street Northeast posed to passersby.

7. That on or about July 12, 2014, the unguarded train tracks located on or near the 6500th block of Main Street Northeast were near parks and churches, where children are known to frequent.

8. That as a direct and proximate result of the negligence of Defendant Union Pacific Railroad Company in the operation of the train, a collision occurred which caused Plaintiff to be bodily injured. Plaintiff sustained injuries to his right foot leading to amputation.

9. That as a direct and proximate result of the negligence of Defendant, Plaintiff has been caused to expend sums of money for the medical care and treatment of his injuries, and in the future will be required to expend sums of money for medical treatment of his injuries. Plaintiff has incurred expenses which meet Minnesota threshold requirements under Minn. Stat. § 65B.51, subd. 3.

10. That Plaintiff has been caused to endure great pain and suffering as a result of the negligence of Defendant.

11. WHEREFORE, Plaintiff prays for judgment against Defendant for an amount in excess of Fifty Thousand Dollars ($50,000), together with his costs and disbursements herein.

EXHIBIT 1

## ATTRACTIVE NUISANCE

1. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

2. Plaintiff is in the class of persons that Defendant should reasonably foresee as being subject to harm caused by the attractive nature of the train tracks.

3. Plaintiff is in the class of persons that Defendant knows or should known that are likely to trespass.

4. The condition of the railroad tracks is one that Defendant knows or should know and realized or should realize involves an unreasonable risk of death or serious bodily harm to children, such as Plaintiff.

5. That Plaintiff, because of his age, was not able to discover the risk involved in coming within the area made dangerous by the train tracks.

6. That Defendant's cost in maintaining the appropriate warnings and precautions to prevent children from entering the area is slight compared to the risk of children entering.

7. That as a direct and proximate result of the negligence of Defendant, Plaintiff has been caused to expend sums of money for the medical care and treatment of his injuries, and in the future will be required to expend sums of money for medical treatment of his injuries. Plaintiff has incurred expenses which meet Minnesota threshold requirements under Minn. Stat. § 65B.51, subd. 3.

8. That Plaintiff has been caused to endure great pain and suffering as a result of the negligence of Defendant.

9. WHEREFORE, Plaintiff prays for judgment against Defendant for an amount in excess of Fifty Thousand Dollars ($50,000), together with his costs and disbursements herein.

EXHIBIT 1

## **STRICT LIABILITY**

1. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

2. Plaintiff is in the class of persons that Defendant should reasonably foresee as being subject to the harm caused by its failure to provide warning signs and fencings to keep this class of persons from entering the dangerous condition.

3. That railroad tracks with no warning signs to the danger they pose or fencing to prevent entry are inherently dangerous.

4. That the failure to warn and prevent entry alleged above were a substantial contributing cause of the injuries suffered by Plaintiff. Specifically, had there been signs warning of the dangerous condition of the train tracks and fencing up to prevent entry, Plaintiff would not have been able to access the train tracks.

5. That as a direct and proximate result of the negligence of Defendant, Plaintiff has been caused to expend sums of money for the medical care and treatment of his injuries, and in the future will be required to expend sums of money for medical treatment of his injuries. Plaintiff has incurred expenses which meet Minnesota threshold requirements under Minn. Stat. § 65B.51, subd. 3.

6. That Plaintiff has been caused to endure great pain and suffering as a result of the negligence of Defendant.

7. WHEREFORE, Plaintiff prays for judgment against Defendant for an amount in excess of Fifty Thousand Dollars ($50,000), together with his costs and disbursements herein.

EXHIBIT 1

Dated: 6/9/2020    By: _____
**BRANTINGHAM LAW OFFICE**
Jeremy L. Brantingham, MN #0299558
2200 E. Franklin Avenue, Suite 202
Minneapolis, MN 55404
(612) 339-9700
**ATTORNEYS FOR PLAINTIFF**

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney fees may be awarded to the opposing party or parties pursuant to Minnesota Statute § 549.21, subd. 2.

_____
Jeremy Brantingham

EXHIBIT 1