UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Nicolas Bell, | Case No. 20-cv-1393 (WMW/KMM) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| Union Pacific Railroad Company, | |
| Defendant. | |

---

This matter is before the Court on Defendant Union Pacific Railroad Company's (Union Pacific) motion to dismiss Plaintiff Nicolas Bell's complaint for failure to state a claim on which relief can be granted.  (Dkt. 9.)  For the reasons addressed below, the motion is granted and the complaint is dismissed without prejudice.

## BACKGROUND

Nicolas Bell alleges that, on or about June 12, 2014, he was injured by a Union Pacific train in Fridley, Minnesota.  Bell was a minor at that time, although the complaint does not specify Bell's precise age.  The complaint provides few details about how Bell sustained his injuries or the nature of those injuries, but Bell alleges generally that "a collision occurred" and he "sustained injuries to his right foot leading to amputation."  The complaint also includes few details about the location of the alleged collision, but Bell alleges generally that the collision occurred "near the 6500th block of Main Street Northeast . . . near parks and churches, where children are known to frequent."  At the time and place of the alleged collision, no fencing prevented pedestrians from entering

the train tracks or the areas surrounding the train tracks, and no signs warned of the danger posed by the unguarded train tracks.

Bell commenced this personal-injury action on June 10, 2020, in Anoka County District Court, Tenth Judicial District. Union Pacific removed the case to federal court based on diversity jurisdiction. Bell's complaint alleges that his injuries are the result of Union Pacific's negligence and that Union Pacific is strictly liable for Bell's injuries based on its failure to warn. Union Pacific moves to dismiss the complaint in its entirety for failure to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

## ANALYSIS

If a complaint fails to state a claim on which relief can be granted, dismissal is warranted. *See* Fed. R. Civ. P. 12(b)(6). When determining whether a complaint states a facially plausible claim, a district court accepts the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). Factual allegations must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Legal conclusions couched as factual allegations may be disregarded. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On a motion to dismiss, a district court may consider the complaint, exhibits attached to the complaint, and documents that are necessarily embraced by the complaint, without converting the motion into one for summary judgment. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003). Here, Union Pacific attached an employee

affidavit and multiple exhibits to its memoranda of law in support of its motion to dismiss, and Bell attached an exhibit to his memorandum of law in opposition to Union Pacific's motion to dismiss. In addition to being improperly filed in violation of the Local Rules,[1] none of these documents is attached to or necessarily embraced by Bell's complaint. Because these documents are outside the scope of the pleadings, the Court has no basis to consider these documents when evaluating Union Pacific's motion to dismiss.

Bell's complaint does not correctly label or clearly define the scope of his legal claims. The complaint, however, appears to present two distinct causes of action: a child-trespasser negligence claim and a failure-to-warn claim. The Court addresses each claim in turn.

### I.     Child-Trespasser Negligence Claim

Union Pacific argues that Bell fails to state a negligence claim because Union Pacific owed no duty of care to Bell. Bell counters that Union Pacific owed him a duty of care because he was injured on property that *appeared* to be owned, controlled, or possessed by Union Pacific. As such, the parties dispute the legal and factual basis for Union Pacific's alleged duty of care.

To state a negligence claim under Minnesota law, a plaintiff must allege four elements: "(1) the existence of a duty of care, (2) a breach of that duty, (3) an injury, and (4) the breach of duty being the proximate cause of the injury." *Senogles v. Carlson*, 902

---

[1]     Local Rule 7.1(l) unequivocally provides: "Parties must not file affidavits or exhibits as attachments to a memorandum that they support. Instead, such affidavits and exhibits must be filed separately."

3

N.W.2d 38, 42 (Minn. 2017). Minnesota recognizes "the general principle that a possessor of land owes no duty to trespassers." *Croaker ex rel. Croaker v. Mackenhausen*, 592 N.W.2d 857, 860 (Minn. 1999). But Minnesota also recognizes limited exceptions to this general principle for child trespassers. *Id.*; *Fear v. Indep. Sch. Dist. 911*, 634 N.W.2d 204, 213–14 (Minn. Ct. App. 2001).

Although Bell labels his first cause of action "ATTRACTIVE NUISANCE," it has long been the case that the attractive-nuisance doctrine is not recognized in Minnesota. *See Hocking v. Duluth, Missabe & Iron Range Ry. Co.*, 117 N.W.2d 304, 489 (Minn. 1962) (observing that "the attractive nuisance doctrine was discarded in this state" in 1935). In place of the attractive-nuisance doctrine, Minnesota has "specifically adopted Restatement (Second) of Torts § 339 (Am. Law. Inst. 1965), regarding child trespassers attracted to nuisances." *Senogles*, 902 N.W.2d at 46; *accord Fear*, 634 N.W.2d at 214. As such, the Court construes Bell's attractive-nuisance claim as a child-trespasser negligence claim.[2]

Under Minnesota law, a land possessor's duty of care to a child trespasser may be established as follows:

> A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if

---

[2] In its motion to dismiss, Union Pacific construes Bell's complaint as alleging "separate counts of Premises Liability" and "Attractive Nuisance." As addressed herein, Bell's mislabeled negligence allegations do not appear to reflect separate counts; instead, they reflect a single count alleging negligence by a land possessor resulting in physical harm to a child trespasser.

4

>(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and
>
>(b) the condition is one of which the possessor knows or has reason to know and which [the possessor] realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and
>
>(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and
>
>(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and
>
>(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.

*Fear*, 634 N.W.2d at 214 (quoting Restatement (Second) of Torts § 339).  Because each element must be proven to establish liability, the failure to meet the requirements of any element is fatal to a plaintiff's claim.  *Croaker*, 592 N.W.2d at 860.

According to Union Pacific, Bell fails to state a claim because he does not allege that Union Pacific owned, possessed, or controlled the premises on which Bell alleges he was injured.  Actual ownership is not required to establish that a duty of care is owed to a child trespasser.  Rather, the "*possessor of land* is subject to liability" with respect to child trespassers.  *Fear*, 634 N.W.2d at 214 (emphasis added) (quoting Restatement (Second) of Torts § 339).  The Restatement defines a possessor of land as "a person who is in occupation of the land with intent to control it."  *Isler v. Burman*, 232 N.W.2d 818,

5

821 (Minn. 1975) (quoting Restatement (Second) of Torts § 328E). The commentary following Section 328E provides that a possessor need not be the "true owner" of the property because an occupant "is a possessor from the moment his occupation begins." Restatement (Second) of Torts § 328E cmt. a. Union Pacific's arguments as to actual ownership are, therefore, irrelevant. Instead, at issue here is whether the complaint plausibly alleges that Union Pacific *possessed* the property on which Bell's injuries occurred by occupying that property with the intent to control it.

As Union Pacific correctly observes, Bell's complaint does not *expressly* allege that Union Pacific possessed the railroad tracks on which Bell's injuries occurred. But when evaluating a motion to dismiss, a district court must draw all reasonable inferences in the plaintiff's favor. *Blankenship*, 601 F.3d at 853. Bell alleges that he was injured on railroad tracks by a collision involving Union Pacific's "train that was traveling on or near the 6500th block of Main Street Northeast." From this allegation, it can be reasonably inferred that, at the time of the alleged collision, Union Pacific's train physically occupied the railroad tracks near the 6500th block of Main Street Northeast in Fridley, Minnesota.

To be a "possessor of land," however, mere occupation of the property is insufficient. Union Pacific also must have had the "intent to control" the property. *Isler*, 232 N.W.2d at 821 (quoting Restatement (Second) of Torts § 328E). Under Minnesota law, "[i]t is generally recognized that . . . one in control of the premises is under the same duty as the owner to keep the premises in safe condition." *Ironwood Springs Christian Ranch, Inc. v. Walk to Emmaus*, 801 N.W.2d 193, 197–98 (Minn. Ct. App. 2011)

6

(quoting *Dishington v. A.W. Kuettel & Sons, Inc.*, 96 N.W.2d 684, 688 (Minn. 1959)). Whether a temporary occupant of property intends to control a dangerous condition on the property depends on whether that occupant assumed the property owner's duties with respect to inspecting, maintaining, remedying, or otherwise undertaking precautions with respect to the dangerous condition. *Compare Isler*, 232 N.W.2d at 821 (concluding that a church group that planned a snowmobile party on a farmer's property "had assumed the duty of inspecting the land to determine if it was free from hazards") *with Ironwood Springs*, 801 N.W.2d at 198 (distinguishing *Isler* and concluding that temporary occupants of a retreat facility did not assume the property owner's duties to perform maintenance as to ice-covered walkways on the property).

Here, Bell does not allege that Union Pacific owned the railroad tracks where Bell's injuries occurred. Nor does Bell allege any facts that would demonstrate that Union Pacific assumed from the property owner any responsibility for inspecting, maintaining, or remedying any condition of the railroad tracks or the land surrounding those tracks. At most, Bell's complaint alleges temporary occupancy of the railroad tracks. When "a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). The allegations in Bell's complaint are merely consistent with the *possibility* that Union Pacific intended to control the property at issue. Because such allegations are insufficient to plausibly allege

7

that Union Pacific had the requisite intent to control the property, Bell fails to state a child-trespasser negligence claim.[3]

For these reasons, Union Pacific's motion to dismiss Bell's child-trespasser negligence claim is granted.

## II.     Failure-to-Warn Claim

Bell's complaint also alleges that Union Pacific is strictly liable for Bell's injuries based on its failure to warn of an inherently dangerous condition. Union Pacific does not separately address this claim. Instead, Union Pacific relies on the same arguments addressed above.[4]

A failure-to-warn claim "has three elements: '(1) whether there exists a duty to warn about the risk in question; (2) whether the warning given was inadequate; and (3) whether the lack of a warning was a cause of plaintiff's injuries.' " *Huggins v.*

---

[3]     Union Pacific alternatively argues that it owed no duty to Bell because "a moving train is an open and obvious danger." Whether an alleged danger was "open and obvious" is an affirmative defense to an allegation of negligence. *Brockman v. Sun Valley Resorts, Inc.*, 923 F. Supp. 1176, 1180 (D. Minn. 1996); *Rinn v. Minn. State Agric. Soc'y*, 611 N.W.2d 361, 364 (Minn. Ct. App. 2000). An affirmative defense generally is not a basis for a Rule 12(b)(6) motion to dismiss; instead, an affirmative defense ordinarily must be pleaded and proved. *United States v. Xcel Energy, Inc.*, 759 F. Supp. 2d 1106, 1118 (D. Minn. 2010). An affirmative defense may serve as a basis for a motion to dismiss only if "the complaint *clearly* shows the existence of [the] defense." *Id.* (internal quotation marks and alteration omitted). That is not the circumstance here. Indeed, whether an alleged danger was "open and obvious" often is a fact question subject to dispute. *See, e.g.*, *Bundy v. Holmquist*, 669 N.W.2d 627, 633 (Minn. Ct. App. 2003) (concluding that a factual dispute existed as to whether an alleged danger was "open and obvious"); *Rinn*, 611 N.W.2d at 364 (same).

[4]     Although Bell labels his second cause of action "STRICT LIABILITY," his allegations appear, in substance, to assert a failure-to-warn claim based on a theory of strict liability.

8

*Stryker Corp.*, 932 F. Supp. 2d 972, 986 (D. Minn. 2013) (quoting *Seefeld v. Crown, Cork & Seal Co.*, 779 F. Supp. 461, 464 (D. Minn. 1991)). "Failure to warn is a separate cause of action and may be based on a theory of either strict liability or negligence." *Seefeld*, 779 F. Supp. at 464 (citing *Westbrock v. Marshalltown Mfg. Co.*, 473 N.W.2d 352 (Minn. Ct. App. 1991)). In a failure-to-warn case, the distinction between strict liability and negligence is that knowledge of the dangerous condition and its associated risks will be *imputed* to the defendant when establishing strict liability, whereas these elements must be *proven* to establish negligence. *Id.* The duties that a land possessor owes to a child trespasser may include a duty to warn of a dangerous condition. *See, e.g.*, *Hughes v. Quarve & Anderson, Co.*, 338 N.W.2d 422, 426–27 (Minn. 1983) (affirming verdict involving child-trespasser negligence based in part on evidence that defendant failed "to give warning in spite of its knowledge of" danger on the property).

Here, as addressed above, whether Union Pacific had a duty to warn about the dangerousness of the railroad tracks depends on whether Union Pacific occupied with the intent to control the property at issue. Because Bell has not plausibly alleged that Union Pacific had the requisite intent to control the property, Bell fails to state a failure-to-warn claim for the same reasons addressed in Part I of this Order.

Accordingly, Union Pacific's motion to dismiss Bell's failure-to-warn claim is granted.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

      1.      Defendant Union Pacific Railroad Company's motion to dismiss, (Dkt. 9), is **GRANTED**.

      2.      Plaintiff Nicolas Bell's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 17, 2021

s/Wilhelmina M. Wright  
Wilhelmina M. Wright  
United States District Judge